**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MARSHALL PIERSON** * | **CIVIL ACTION NO.** | |
| *Plaintiff* * | | |
| * | | |
| **VERSUS** * | **JUDGE** | _____ |
| * | | |
| **ALLSTATE VEHICLE AND** * | | |
| **PROPERTY INSURANCE COMPANY** * | | |
| *Defendant* * | **MAGISTRATE JUDGE** | _____ |
| * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

NOW INTO COURT, through undersigned counsel comes Complainant **MARSHALL PIERSON**, (hereinafter "Complainant"), who files his Complaint for Damages against Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, respectfully averring as follows:

**I.    PARTIES**

1.

Plaintiff is **MARSHALL PIERSON**, a person of the full age of majority and resident of Calcasieu Parish, Louisiana.

2.

Made Defendant is **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, a foreign insurance company domiciled in the State of Illinois with its principal place of business in the State of Illinois and authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Hon. R.

Kyle Ardoin, Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## II. JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Western District of Louisiana, Lake Charles Division because the property that is subject of this action and where the damages were sustained occurred within the Western District of Louisiana, Lake Charles Division.

## III. RELEVANT FACTS

5.

At all times relevant hereto, Complainant owned the property located at 3504 Smith Ferry Road, Westlake, LA 70669 (the "Property".)

6.

At all times relevant hereto, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** provided a policy of insurance, number **815292927** (the "Policy"), to Complainant covering the Property against perils including hurricanes, and provided the following types of coverages commonly known as Dwelling, Other Structures, Contents/Personal Property, and Additional Living Expenses/Loss of Use.

**A. Hurricane Laura**

7.

On or around August 27, 2020, Hurricane Laura caused significant damages to the Complainant's Property.

8.

Complainant promptly reported the loss to **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, who assigned claim number **0598349702** (the "Laura Claim".)

9.

Due to the mandatory evacuation issued for Calcasieu Parish, the severity of the storm, and the lack of utilities in the area, Complainant was forced to evacuate and incurred Additional Living Expenses/Loss of Use damages.

10.

As soon as practicable, Complainant took steps to mitigate the damages to his home at his expense to the best of his ability under the circumstances.

11.

On or about September 11, 2020, an adjuster acting on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** inspected the property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and his inspection was not limited by the Complainant in any way.

12.

The inspection of the Property on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

13.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to the Complainant based upon the inadequate inspection.

14.

Complainant was unable to make meaningful repairs to his Property with the insufficient proceeds allowed by **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**.

**B. Hurricane Delta**

15.

On or around October 9, 2020, Hurricane Delta caused significant damages to the Complainant's Property and exacerbated damages caused by Hurricane Laura.

16.

Complainant promptly reported the loss to **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, who assigned claim number **0604722181** (the "Delta Claim".)

17.

Due to the mandatory evacuation issued for Calcasieu Parish, the severity of the storm, and the lack of utilities in the area, Complainant was forced to evacuate and incurred Additional Living Expenses/Loss of Use damages.

18.

As soon as practicable, Complainant took steps to mitigate the damages to his home at his expense to the best of his ability under the circumstances.

19.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** was given full access to the Property and their ability to re-inspect was not limited by the Complainant in any way.

20.

The inspection of the Property on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

21.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to the Complainant based upon the inadequate inspection.

22.

Complainant was unable to make meaningful repairs to his Property with the insufficient proceeds allowed by **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**.

23.

As a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to timely and adequately compensate Complainant for his covered losses, he was forced to incur the expense of retaining counsel and other expenses to accurately document his damage.

**C. Proofs of Loss**

24.

In early 2021, a licensed public adjuster inspected the Property on behalf of, and at the extra expense of, the Complainant and created an estimate of damages that documented significantly more damages to the dwelling and other structures than the original estimate prepared on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, all of which was as a result of the Insurer's decision to inadequately adjust the claim.

25.

Upon information and belief, Complainant requested the release of unconditional tenders from **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** along with Complainant's adjuster's estimate demonstrating the true loss.

26.

Upon information and belief, Complainant submitted a list of Additional Living Expenses/Loss of Use expenses incurred and damaged Contents prior to obtaining representation.

27.

Multiple demands, including but not limited to those described above, all constituted satisfactory proofs of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

28.

To date, and despite being provided with satisfactory proofs of loss, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** has chosen to underpay the claims. Defendant is therefore in violation of La. R.S. §22:1892 and §22:1973.

29.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to explain its denial or refusal to unconditionally tender the undisputed amount owed to Complainant.

30.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to investigate or document their reasons for its denial or refusal to unconditionally tender the undisputed amount owed to Complainant.

31.

As a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to timely and adequately compensate Complainant for their substantial losses, the Property remains in a state of disrepair.

32.

The failure of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, as Complainant's insurer, to make an adequate and timely payment for damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Complainant's extensive damages, thereby rendering **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** liable in bad faith for failure to deal fairly with its insured, and consequently liable to Complainant for all damages under the law for property damages sustained by Complainant due to Hurricanes Laura and Delta, as well as penalties and attorney's fees pursuant to La. R.S. §22:1973.

33.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** misrepresented to Complainant the terms and conditions of the policy.

34.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** conducted the investigation and claims handling for Complainant's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

35.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** manipulated its pricing software to artificially suppress the cost of repairs below market value.

36.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

37.

Complainant has incurred or will incur additional expenses in restoring the Property as a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to timely compensate him for his substantial and covered losses.

38.

Complainant has incurred and will continue to incur additional living expenses/loss of use as a result of the damages caused to his Property by Hurricanes Laura and Delta, including those additional living expenses that will be incurred during the repair of the Property.

## IV. CAUSES OF ACTION

### A. Breach of the Insurance Contract

39.

Complainant re-allege and re-aver the allegations contained in paragraphs 1-38, above, as if restated herein.

40.

An insurance contract, the Policy, exists between Complainant and **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**.

41.

The Policy provides coverages for perils including hurricanes.

42.

Despite having received satisfactory proofs of loss for damages caused by Hurricanes Laura and Delta, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to timely tender adequate insurance proceeds as required by the Policy.

43.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**.

44.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received

satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of Complainant.

45.

By misrepresenting the terms and conditions of the Policy, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

46.

By failing to conduct the claims handling for Complainant claims in good faith and with fair dealing, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

47.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

48.

By failing to include adequate overhead and profit in its estimates of damages, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

49.

Complainant has suffered and continue to suffer damages as a result of these breaches of the Policy.

   B. <u>**Bad Faith**</u>

50.

Complainant re-allege and re-aver the allegations contained in Paragraphs 1-49 above as if restated herein.

51.

The actions and/or inactions of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** in failing to timely and adequately compensate Complainant for the covered losses under the Policy was arbitrary, capricious, and without probable cause, as those terms are used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973, making **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** liable for statutory bad faith penalties.

52.

Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. §22:1973.

53.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. §22:1973.

54.

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

55.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** is in violation of La. R.S. §22:1973 and §22:1892 for failing to provide Complainant adequate payment in

connection with his claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainant.

56.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** misrepresentation of the relevant facts and/or terms of the Policy was in bad faith.

57.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

58.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to pay timely for damages it knew or should have known existed at the time it received the independent proofs of loss from Complainant was in bad faith.

59.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

60.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to include adequate overhead and profit in its estimates of damages was in bad faith.

61.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** handling of Complainant's claims was in bad faith.

## V.   DAMAGES

62.

Complainant re-allege and re-aver the allegations contained in Paragraphs 1-61 above as if restated herein.

63.

As a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution in value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Damages to personal property/contents;

f. Additional living/loss of use expenses;

g. Mental anguish;

h. Penalties delineated in La. R.S. §22:1892 and §22:1973; and

i. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, Complainant, **MARSHALL PIERSON**, prays that Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there by a judgment entered in favor of Complainant and against **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

COMPLAINANT FURTHER PRAYS for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

*s/ J. Lee Hoffoss, Jr.*
J. LEE HOFFOSS, JR. (29254)
Email: lee@hdinjurylaw.com
CLAUDE P. DEVALL (29148)
Email: tclaude@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
JOSEPH P. NORMAN (36608)
Email: joe@hdinjurylaw.com
KEIFER G. ACKLEY (39776)
Email: keifer@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone:   (337) 433-2053
Facsimile:   (337) 433-2055
COUNSEL FOR PLAINTIFF, MARSHALL PIERSON